EDSON H. FISKE *vs.* HELEN L. COLE & others.

Hampshire.    September 16, 1890. — October 24, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Evidence — Declarations — Res Gestæ — Principal and Agent.*

A conversation offered for the purpose of fixing a date, and otherwise irrelevant, is inadmissible where the offer does not point to anything which tends to fix the time when it occurred.

An agent's inventory of notes received for loans for his principal is inadmissible in the principal's behalf for the purpose of showing that the notes were made at the times they bore date.

If a witness testifies that at a date named he saw certain notes, the existence of which at that time is material, a conversation he then had respecting them is not admissible as part of the *res gestæ.*

BILL IN EQUITY, filed in the Superior Court by a judgment creditor of one Church, to enjoin the prosecution of an action in which the property of Church had been attached, brought against him in July, 1885, by the first named defendant, upon certain promissory notes.

At the trial, before *Dunbar*, J., the issue was submitted to a jury whether the first named defendant did not bring the action

and attach the property of Church for the purpose of defrauding his creditors. The plaintiff contended that the notes were not given at the times they bore date, but were given after the action was brought. The defendants offered evidence that Elisha B. Cole, the husband of the first named defendant, as her agent, had lent money for her, and had made monthly inventories in a book of the notes received by him therefor; that he went to the office of Mr. Lathrop, an attorney at law, taking with him the book which purported to contain entries of the notes in question, with reference to the bringing of another action between other parties, which action Mr. Lathrop soon afterwards brought; and that Mr. Lathrop examined the inventories and was shown the notes, and then had a conversation with Elisha B. Cole about them. The evidence was conflicting as to the time when the husband came to Mr. Lathrop's office, and the defendants, solely for the purpose of fixing the date, asked Mr. Lathrop, who was a witness, what the conversation was between himself and the husband relating to the inventories and notes. The judge excluded the evidence; and the defendants excepted. The defendants also offered in evidence the inventories of the notes which were shown to Mr. Lathrop, as above stated. The judge excluded them, and the defendants excepted. The defendants also introduced evidence tending to show that the notes were shown to one Harwood, at the office of the Hampden Emery Company, in the spring of 1884. The defendants offered evidence of a conversation between Harwood and Elisha B. Cole, with reference to the notes at the time they were shown to Harwood. The judge excluded the evidence.

The jury answered the issue in the affirmative; and the defendants alleged exceptions.

*D. W. Bond & J. W. Mason*, for the defendants.

*W. G. Bassett*, for the plaintiff.

W. ALLEN, J. 1. The conversation between Elisha B. Cole and Mr. Lathrop in regard to the notes, at the time they were shown to Mr. Lathrop, was offered to show the time of the occurrence, which was material. It is possible that something may have been said during the interview that might be competent in connection with other evidence to fix its date; but it is no more possible that it should have occurred in a conversation

in regard to the notes, than in regard to some other subject. The offer was to put in the whole conversation relative to the notes and inventories, without pointing to anything which tended to fix the time when it occurred. There appears no reason to suppose that anything was said which would help to fix the time other than what was in evidence; namely, that the visit was with reference to commencing an action between other parties, and that the action was commenced soon after.

2. The inventories made by the first named defendant, or her agent, were inadmissible. They were mere declarations of the party or her agent, and no more competent than oral declarations to the same effect would have been.

3. We see no ground upon which the conversation between Harwood and Cole, in regard to the notes at the time when it was testified that they were shown to Harwood, was competent. The material fact to be proved was that the notes were in existence at that time. The fact that witnesses testified that they then saw the notes in existence, does not make their declarations in regard to the notes competent. The offer was to prove the whole conversation, on the ground that whatever was said about the notes by the witnesses at the time was competent as part of the *res gestæ.* We think that the evidence was properly excluded.　　　　　　　　　　　*Exceptions overruled.*